950 F.2d 730
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard J. SEDOR, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3387.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1991.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from a reconsideration decision of the Merit Systems Protection Board, which reversed its initial decision and sustained the determination of the Office of Personnel Management (OPM), that petitioner is not entitled to a disability retirement annuity because he failed to show that his condition rendered him unable to perform the specific requirements of his position. Sedor v. Office of Personnel Management, No. BN831E9010164 (May 6, 1991). Because of the narrow scope of our review, we must affirm.
 
 DISCUSSION
 
 2
 Mr. Sedor alleges that under 5 U.S.C. § 8337(a) (1988) he is entitled to a disability retirement annuity because he completed five years of civilian service and became disabled. He claims that the Board failed to take into consideration its own initial decision and his medical evidence in denying him a disability retirement annuity.
 
 
 3
 OPM is charged with the responsibility of making disability determinations. 5 U.S.C. § 8347(c) (1988). OPM should find an employee to be disabled only if the person is "unable, because of disease or injury, to render useful and efficient service in the employee's position and is not qualified for reassignment." 5 U.S.C. § 8337(a) (1988). In each case, the applicant seeking the benefits bears the burden of proving his or her entitlement to them. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986). In the instant case, OPM found that Mr. Sedor failed to show that his medical condition rendered him unable to perform the duties of his position as a mail handler. This factual determination was carefully reviewed by the MSPB.
 
 
 4
 The Supreme Court held in Lindahl v. Office of Personnel Management, 470 U.S. 768 (1985), that "the factual underpinnings of [5 U.S.C.] § 8347 disability determinations may not be judicially reviewed...." Id. at 791. Judicial review is available only for legal and procedural errors that go to the heart of the administrative determination. McEachern v. Office of Personnel Management, 776 F.2d 1539, 1543 (Fed.Cir.1985) (citing Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.), cert. denied, 393 U.S. 952 (1968)). Because, and to the extent that, Mr. Sedor's challenges are directed to the factual findings made by OPM regarding his medical evidence, which findings were sustained by the Board, and not to any legal or procedural errors, our review is barred.
 
 
 5
 Furthermore, to the extent that Mr. Sedor's challenges are directed to possible legal or procedural errors made by the MSPB, we must affirm the MSPB unless we find its decision to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988). The only possible legal challenge Mr. Sedor makes to the Board's decision is its failure to consider and follow the initial decision of the administrative judge. Because the Board's decision to reverse the administrative judge was supported by substantial evidence, the Board has not committed a legal error. See Baker v. Department of Health and Human Servs., 912 F.2d 1448, 1456 (Fed.Cir.1990). Additionally, after a careful review of the administrative record, we hold that Mr. Sedor has failed to establish that the Board's decision was in any other way arbitrary or capricious, an abuse of discretion, or that it was not otherwise in accordance with the law.